IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CASSANDRA A. BEATTY,** *individually and on behalf of all others similarly situated*, | : : : : |
| *Plaintiffs,* | : CASE NO._____ : : JUDGE: _____ : |
| v. | : : |
| **KINGS AND QUEENS HOME HEALTH CARE, LLC, MARY HICKS, and EBONY REYNOLDS,** | : **JURY DEMANDED** : : : : : |
| *Defendants.* | : |

**COMPLAINT**

### I. INTRODUCTION

1. This is an action brought by Cassandra A. Beatty (hereinafter "Named Plaintiff" or "Ms. Beatty") against Kings and Queens Home Health Care, LLC, owner Mary Hicks, and owner Ebony Reynolds (hereinafter "Defendants").

2. Named Plaintiff brings her federal claims against Defendants, who are her employer, to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standard Act of 1939 ("FLSA"), as amended 29 U.S.C. § 201 et seq. Named Plaintiff seeks Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to inform other similarly situated employees of their rights under the FLSA.

3. Named Plaintiff brings her Ohio claims against Defendants, who are her employer, in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111

1

et. seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, 15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts") and O.R.C. § 2307.60.  Named Plaintiff brings her Ohio Acts and O.R.C. § 2307.60 on behalf of herself individually and on behalf the Ohio Employees Entitled to Notice who join the lawsuit.

4. Named Plaintiff and those similarly situated are current and former non-exempt employees of Defendants who were not paid for all hours worked over forty (40) hours in a workweek at 150% their regular rate. (hereafter, "Putative Plaintiffs").

5. Under the FLSA and the Ohio Wage Acts, Defendants were required to pay for all hours Putative Plaintiffs worked and pay them 150% of their regular rate for all hours worked over 40 in a workweek. By willfully failing to compensate Named Plaintiff and Putative Plaintiffs at the statutorily required overtime rate, Defendants violated the FLSA and the Ohio Acts.

## II. JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

8. This Court has supplemental jurisdiction over Named Plaintiff's and the Putative Class Members' Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Named Plaintiff's claims under the FLSA that they form part of the same controversy.

9. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district.

### III. THE PARTIES

**A. Plaintiffs.**

10. Cassandra A. Beatty ("Named Plaintiff" or "Ms. Beatty) is an adult resident of Columbus, Ohio residing at 1391 Briarwood Ave. Columbus, Ohio 43211. Ms. Beatty was employed by Defendants as a Home Health Aide from approximately February 2020 until approximately July 2024. Her consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

11. The Putative Plaintiffs are all non-exempt employees employed by Defendants at any time within three (3) years preceding the commencement of this action.

**B. Defendants.**

12. Defendant Kings and Queens Home Health Care, LLC ("Defendant") is a domestic LLC. Process may be served upon its Registered Agent, Ebony Reynolds at 3331 E. Livingston Avenue, Columbus, OH 43232.

13. Defendant Mary Hicks is an adult individual who does business throughout the state of Ohio and is the owner of Kings and Queens Home Health Care, LLC. Process may be served at 3331 E. Livingston Avenue, Columbus, OH 43232.

14. Defendant Ebony Reynolds is an adult individual who does business throughout the state of Ohio and is the owner of Kings and Queens Home Health Care, LLC. Process may be served at 3331 E. Livingston Avenue, Columbus, OH 43232.

15. Defendants hold themselves out as, act as, and in fact comprise a single enterprise.

16. Defendants centrally control employment policies and practices for all of their employees.

17. Defendants regularly oversee business operations, address employment issues, and specifically implement pay and other employment practices and policies.

18. Defendants share a common purpose of providing home healthcare.

19. Defendants' enterprise acts through each of the Defendants.

20. Furthermore, each of the Defendants' acts directly in the interest of itself and of other entities comprising the enterprise as an employer in relation to Named Plaintiffs and the Putative Plaintiffs.

21. Thus, each Defendant is a "person" (within the meaning of the FLSA and the Ohio Acts) "acting directly or indirectly in the interest of an employer in relation to an employee." *See* 29 U.S.C. §§ 203(a).

22. As a result, Defendants, both individually and collectively, employ the Named Plaintiff and the Putative Plaintiffs within the meaning of the FLSA and Ohio Acts.

## IV. FACUTAL ALLEGATIONS

23. During all times material to this Complaint, Defendants were joint employers within the meaning of the FLSA, the Ohio Acts, and O.R.C. § 2307.60.

24. During all times material to this Complaint, Defendants jointly employed Named Plaintiff and the Putative Plaintiffs within the meaning of the FLSA and the Ohio Acts.

25. During all times material to this Complaint, Defendants constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

26. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs have been Defendants' joint employees pursuant to the Ohio Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

27. During all times material to this Complaint, Defendants jointly hired Named Plaintiff and the Putative Plaintiffs.

28. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs were paid at an hourly rate, not on a salary or fee basis as described in 29 C.F.R. § 541.301 and thus were non-exempt employees entitled to be paid at least the minimum wage for all hours worked and overtime at 150% of their regular rate for all hours worked over forty (40) in a workweek.

29. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs were hourly, non-exempt employees.

30. During all times material to this Complaint, and upon information and belief, Named Plaintiff and the Putative Plaintiffs regularly worked beyond forty (40) hours in a workweek providing nursing care for Defendants' patients.

31. During all times material to this Complaint, and upon information and belief, Named Plaintiff and the Putative Plaintiffs had a printed time sheet whereupon Defendants required them to manually record their hours worked each day.

32. During all times material to this Complaint, and upon information and belief, every other Monday Named Plaintiff and the Putative Plaintiffs had to drive to Defendants' office to physically hand their time sheets to Defendant Mary Hicks to keep record of their hours worked.

33. During all times material to this Complaint, Defendants are jointly in the business of providing in-home healthcare services, primarily for seniors and disabled adults.[1]

34. During all times material to this Complaint, and upon information and belief, Named Plaintiff's and the Putative Plaintiffs' duties include medically related tasks, taking clients to appointments and arranging medical care, dressing, grooming, feeding, and bathing clients, housekeeping, and other various day-to-day care activities that clients could not complete on their own.

35. During all times material to this Complaint, and upon information and belief, more than twenty (20) percent of Named Plaintiff and the Putative Plaintiffs' job duties required care-related services.

36. Named Plaintiff and the Putative Plaintiffs do not perform any general household work for other members of the Defendants' clients' household.

37. During all times material to this Complaint, and upon information and belief, Named Plaintiff was responsible for the care of only one client, who was also her brother.

38. During all times material to this Complaint, and upon information and belief, Named Plaintiff's typical schedule involved working from 5:00 a.m. to 9:00 a.m., at which point Named Plaintiff would leave and her brother would receive dialysis. Named Plaintiff would then return to work at 4:00 p.m. and continuing working until 9:00 p.m.

39. During all times material to this Complaint, and upon information and belief, Named Plaintiff maintained this schedule seven (7) days a week, resulting in Named Plaintiff almost always working over forty (40) hours in a workweek.

---

[1] Derived from Defendant's website, accessed on 12/04/2024 at https://kingsqueenshomehealthcare.wordpress.com/about/

40. Upon information and belief, Defendants paid Named Plaintiff at an hourly rate of $10.50 from approximately February 2020 until approximately August 2021, when she received an increase to $11.00 per hour.

41. Upon information and belief, Named Plaintiff continued at this hourly rate until approximately January 2024, at which point her pay rose to $12.00 an hour and continued at that rate until the end of her employment in July 2024.

42. During all times material to this Complaint, and upon information and belief, it was Defendants' company-wide practice and policy to not pay Named Plaintiff and the Putative Plaintiffs for all hours worked, including all hours worked over forty (40) in a workweek at 150% of their regular rate.

43. Specifically, Named Plaintiff would work approximately fifty-six (56) hours a week, totaling one hundred twelve (112) hours on her bi-weekly paychecks.

44. During all times material to this Complaint however, instead of providing a single paycheck that reflected her biweekly total of one hundred twelve (112) hours worked, Defendants had a practice of giving Named Plaintiff two separate paychecks—one for eighty (80) hours and the other for thirty-two (32) hours-- both of which were paid at a straight time rate.

45. During all times material to this Complaint, and upon information and belief, Defendants created this pay scheme to avoid having any biweekly paychecks that totaled over eighty (80) hours, which would evidence that Named Plaintiff was entitled to overtime pay.

46. During all times material to this Complaint, and upon information and belief, Defendants used the same pay scheme for the Putative Plaintiffs to avoid paying overtime. Defendants similarly paid the Putative Plaintiffs by giving them a separate paycheck for any overtime hours worked but at a straight time rate.

7

47. As of the filing of this Complaint, Named Plaintiff and the Putative Plaintiffs have not been paid all the wages they earned while working for Defendants, and those unpaid wages have gone unpaid for more than thirty (30) days.

48. During all times material to this Complaint, Defendants knew or should have known their pay practices were in violation of the FLSA and the Ohio Acts.

49. Indeed, upon information and belief, Named Plaintiff complained to Defendants about not receiving overtime often and was always told by Defendant Mary Hicks that the company does not pay overtime.

50. During all times material to this Complaint, and upon information and belief, Defendants' pay practice of not paying Named Plaintiff and the Putative Plaintiffs for all hours worked, including all hours worked over forty (40) in a workweek at an amount equal to 150% of their regular rate, was willful and not in good faith.

51. During all times material to this Complaint, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Named Plaintiff and the Putative Plaintiffs for all hours worked, including all hours worked over forty (40) in a workweek at an amount equal to 150% of their regular rate.

### V. COURT SUPERVISED NOTICE PURSUANT TO 29 USC § 216(b) ALLEGING FLSA VIOLATIONS

52. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

53. Named Plaintiff requests that the Court issue Court Supervised Notice to the following group of current and former employees defined as:

> **All non-exempt employees who work for Defendants as Home Health Aides at any time within three (3) years of the date the Motion for Court Supervised Notice is filed. ("Employees Entitled to Notice")**

54. Named Plaintiff reserves the right to amend and refine the definition of the Employees Entitled to Notice she seeks to have the Court serve notice based upon further investigation and discovery.

55. The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

56. Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the Named Plaintiff.

57. Sending Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because they have been subjected to single companywide policies and common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendants satisfied the FLSA's requirements for paying them for all hours worked.

58. Named Plaintiff and the Employees Entitled to Notice, having willfully been not paid their entitled compensation for work they performed pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

59. The Named Plaintiff and the Employees Entitled to Notice have been similarly affected by the violations of Defendants in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned FLSA compliant wages.

60. Named Plaintiff seeks to have the Court send supervised notice pursuant to 29 U.S.C. § 216(b), as defined above, to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

61. Named Plaintiff is similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

62. Named Plaintiff intends to send notice to all the Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. The names and addresses of the Employees Entitled to Notice are available from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA.

63. Named Plaintiff and the Employees Entitled to Notice have been similarly damaged by Defendant's willful refusal to pay 150% of Named Plaintiff's and the Employees Entitled to Notice's regular rate for all hours worked beyond forty (40) in a workweek.

64. As a result of Defendant's FLSA violations, Named Plaintiff and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

65. Any alleged defenses Defendants may raise will be common to the Named Plaintiff and the Employees Entitled to Notice.

## VI. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

66. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

67. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendants were the joint employers of Named Plaintiff and Employees Entitled to Notice within the meaning of 29 U.S.C. § 203(d).

68. During the time period from approximately three (3) years preceding the commencement of this action to the present, Named Plaintiff and the Employees Entitled to Notice were jointly employed by Defendants within the meaning of 29 U.S.C. § 203(e)(1).

69. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendants jointly employed Named Plaintiff, and the Employees Entitled to Notice within the meaning of 29 U.S.C. § 203(g).

70. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendants were joint employers subject to the FLSA.

71. During all times material to this Complaint, Named Plaintiff and the Employees Entitled to Notice have not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

72. At all times material to this Complaint, Defendants regularly employed Named Plaintiff and the Employees Entitled to Notice to work more than forty (40) hours in a workweek.

73. Defendant, as described above, violated the FLSA, 29 U.S.C. § 207, by failing to pay Named Plaintiff and the Employees Entitled to Notice at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek.

74. Named Plaintiff and the Employees Entitled to Notice should have been paid minimum wages for all hours worked and 150% of their regular rate for all hours worked beyond

forty (40) in a workweek during the three years from the filing date of the Complaint or when they join this lawsuit.

75. Defendants willfully violated and continues to willfully violate the FLSA, by having engaged and continued to engage in conduct, which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

76. Named Plaintiff and the Employees Entitled to Notice are entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of FLSA, by which the Named Plaintiff and the Employees Entitled to Notice have suffered and continue to suffer damages.

## COUNT II
## VIOLATION OF THE OHIO WAGE ACT

77. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

78. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq.*; *see also* 29 U.S.C. § 206(b).

79. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

80. At all times relevant to this Complaint, Defendants were joint employers covered by the Ohio Wage Act and have been thus required to comply with its mandates.

81. At all times relevant to this Complaint, Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio were covered "employees" of Defendants pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

82. At all times material to this Complaint, Defendants regularly employed Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio to work more than forty (40) hours in a workweek.

83. At all times relevant to this Complaint, Defendants violated the Ohio Wage Act by repeatedly failing to compensate Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio for all hours worked at the appropriate pay rate, including Defendant's repeated action of refusing to compensate Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio for all hours worked over forty (40) hours in a workweek at a rate not less than one and one-half times their regular rate.

84. Defendants violated the Ohio Wage Act because they knew or should have known that the Named Plaintiff and the Putative Plaintiffs "Sleep Time" was interrupted, and they did not get five (5) hours of sleep but still did not pay them for the eight (8) hours of "Sleep Time."

85. Indeed, at all times relevant to this Complaint, Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio did not receive one and one-half times their regular rate for all hours they worked in excess of forty (40) in a workweek.

86. Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio are not exempt from the wage protections of Ohio Law. During relevant times, Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio were not exempt from receiving overtime because they were not "executive," "administrative," "professional," "outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541 *et seq*.

87. In violating the Ohio Wage Act, Defendant's acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

88. Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio are entitled to unpaid overtime and other compensation, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of the Ohio Wage Act, by which the Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio have suffered and continue to suffer damages.

**COUNT III**
**OHIO PROMPT PAY ACT- FAILURE TO PROMPTLY PAY WAGES**

89. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

90. At all times relevant to this Complaint, Defendants were Named Plaintiff's and the Employees Entitled to Notice who join this lawsuit from Ohio' "employer" and were required to comply with the Ohio Prompt Pay Act's provisions. *See* R.C. § 4113.15.

91. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* R.C. § 4113.15(A).

92. At all times material to this Complaint, Defendants have refused to pay Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio all owed overtime wages at one and one-half (1 ½) times their normal hourly rate and all wages at the statutorily mandate minimum wage rate, within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

93. Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

94. Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or has otherwise exhibited a reckless disregard of the OPPA's provisions.

## COUNT IV
## VIOLATION OF O.R.C. § 2307.60 AND 29 U.S.C. § 216(a)

95. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

96. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

97. By its acts and omissions described herein, Defendants have willfully violated the FLSA, and Named Plaintiff and the Employees Entitled to Notice who join this lawsuit have been injured as a result.

98. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

99. As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the Employees Entitled to Notice who join this lawsuit are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## COUNT V
## VIOLATIONS OF O.R.C. § 4111.14(G)
## FAILURE TO PROVIDE RECORDS AS TO WAGES AND HOURS WORKED

100. Named Plaintiff re-alleges, and incorporates by refence, the allegations set forth in the preceding paragraphs.

101. O.R.C. § 4111.14(G) requires employers provide, at no charge, information at the request of an employee or person acting on behalf of an employee information including name, address, occupation, pay rate, hours worked for each day worked, and each amount paid for the specific employee making such a request.

102. On or about October 24, 2024, Named Plaintiff requested such records through her attorney. The receipt of this request was acknowledged by Defendants on or about October 30, 2024, and attached as **Exhibit B.**

103. Pursuant to the records request, a response to Plaintiff's request was due on or about December 13, 2024.

104. To date, the employer has not provided records pursuant to the request under O.R.C. § 4111.14(G).

105. In violating under O.R.C. § 4111.14(G) of the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff, on behalf of herself and the Putative Plaintiffs, pray that this Court enter the following relief:

A. For an Order sending Court Supervised Notice to the FLSA Employees Entitled to Notice as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. In the event the Defendants seek to have discovery on the issues of whether the FLSA Employees Entitled to Notice are similarly situated to the Named Plaintiff, that the Court

issue an order tolling the FLSA statute of limitation for the FLSA Employees Entitled to Notice as of the filing of this Complaint.

C. Issuing proper notice to the FLSA Employees Entitled to Notice at Defendant's expense;

D. Unpaid wages, including overtime wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiff and the FLSA Employees Entitled to Notice;

E. A declaratory judgment that the practice complained of herein is unlawful under the Ohio Wage Act and the OPPA;

F. Awarding Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

G. Compensatory and punitive damages under O.R.C. § 2307.60.

H. Awarding pre-judgment and post-judgment interest;

I. An award of prejudgment and post-judgment interest;

J. Any other relief to which the Named Plaintiff and Putative Plaintiffs may be entitled.

Dated: January 9, 2025                                     Respectfully submitted,

/s/ Robert E. DeRose
Robert E. DeRose (OH Bar No. 0055214)
Anna R. Caplan (OH Bar No. 0104562)
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com
acaplan@barkanmeizlish.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff requests a trial by jury on all of their claims.

> */s/ Robert E. DeRose*
> Robert E. DeRose